**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN P. CAREY,**

    **Plaintiff,**

v.                                                 **Case No.: 8:12-CV-2362-T-33EAJ**

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social**
**Security Administration,**

    **Defendant.**

_____ /

## **REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the Court recommends reversal of the Commissioner's decision and remand for further administrative proceedings.[2]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

[2] The district judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

applicable legal standards. See 42 U.S.C. § 405 (g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, the reviewing court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On August 29, 2009, Plaintiff filed his application for DIB, alleging disability beginning on April 30, 2007. (T 21) Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on May 10, 2011. (T 21) Forty years old at the time of the hearing, Plaintiff has one year of education at community college and past relevant work experience as a kitchen manager, saute chef, and sous chef. (T 24, 30-31, 41-43)

On July 8, 2011, an ALJ denied Plaintiff's application. (T 32) The ALJ found that Plaintiff's severe impairments included: obesity, hypertension, asthma, generalized anxiety disorder, major depression, and antisocial personality traits. (T 23) However, the ALJ concluded that these impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T 24) Plaintiff was determined to have a residual functional capacity ("RFC")

to perform medium work subject to the following restrictions: avoiding concentrated exposure to extreme dust, smoke, fumes, gases, and poorly ventilated areas, and no frequent interaction with the public. (T 26) Additionally, the ALJ found Plaintiff has the ability to understand and remember moderately detailed work procedures and instructions, can be appropriate and cooperative, and can adapt to simple changes in work setting, make work decisions, and perform up to low, semi-skilled tasks. (Id.)

The ALJ found that Plaintiff was unable to perform any of his past relevant work. (T 30-31) However, based on testimony from a Vocational Expert ("VE"), the ALJ concluded that Plaintiff was capable of doing other jobs that exist in significant numbers in the national economy such as mail clerk, marker, and kitchen helper. (T 32) Accordingly, the ALJ determined that Plaintiff was not disabled during the relevant time period. (Id.) On August 24, 2012, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1-7)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

In challenging the ALJ's decision, Plaintiff claims: the ALJ failed to properly determine Plaintiff's RFC; failed to give proper weight to the opinion of his treating physician; did not appropriately assess Plaintiff's credibility; and the Appeals Council improperly denied review of Plaintiff's claims in light of new and material evidence submitted after the ALJ's decision. These issues are considered in light of the sequential review process, not in the order presented by Plaintiff.

**A.**     Plaintiff challenges the Appeals Council's denial of review of Plaintiff's claim in light of

new evidence submitted to the Appeals Council after the ALJ's decision.

A claimant generally is entitled to present new evidence at each stage of the administrative process. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citation omitted). When submitted for the first time to the Appeals Council, new evidence becomes part of the administrative record. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1067 (11th Cir.1994). "In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). The Appeals Council then considers the entire record, including the new evidence, and will review the ALJ's decision if it is contrary to the weight of the current evidence of record. Smith v. Soc. Sec. Admin., 272 F. App'x 789, 800-01 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). If the Appeals Council denies review, the district court may evaluate whether the denial is appropriate under sentence six of 42 U.S.C. § 405(g). Ingram, 496 F.3d at 1269. The court should assess whether the Commissioner's final decision is supported by substantial evidence in the record as a whole. See id. at 1266-67.

Plaintiff submitted additional evidence to the Appeals Council. Although some of the opinion and treatment history is within the time frame relating to the ALJ's opinion, some of the new information provided to the Appeals Council relates to a period of time beyond the date of the ALJ opinion. As the ALJ decided this case on July 8, 2011, any additional evidence provided to the Appeals Council must relate to the period of time on or before July 8, 2011. However, some of the evidence referred to by the Appeals Council in its decision is not in the administrative record.

The new evidence includes medical records of Pascal Bordy, M.D. ("Dr. Bordy"), but these

records were already before the ALJ and included in the record; therefore they are not "new" evidence. (T 494)   Although the Appeals Council also referred to progress notes from the Florida Department of Health, dated July 28, 2011 through October 6, 2011 (T 2), their materiality cannot be ascertained because they are not part of the administrative record.

Additionally, Plaintiff submitted treatment notes for March 4, 2010 (T 495-97) and a medical source statement by psychiatrist Patricia Hough, M.D. ("Dr. Hough"), dated December 6, 2011. (Dkt. 15 Ex. 1 at 1-3) Although the treatment notes were considered, the Appeals Council determined that they did not contradict the evidence before the ALJ and did not contain new or material evidence. (T 2, 5)  The treatment notes describe Plaintiff's past narcotic and cocaine use, subsequent attendance at Narcotics Anonymous, and indicate that Plaintiff had not used illegal drugs for a year and a half. (T 495) They also mention Plaintiff's history of short term memory loss, panic attacks, anxiety, and treatment with antidepressants. (Id.)   Though her notes indicated Plaintiff suffered from restricted and depressed affect, depressed mood, and was restless, and she diagnosed Plaintiff with major depression, Dr. Hough also stated that Plaintiff was casually dressed with good hygiene, spoke coherently with slow, deliberate, and organized speech, had simple, goal-oriented thought with no delusions, and experienced no hallucinations.  Plaintiff was also cooperative, fully oriented, able to recall three out of three items after one minute and after three minutes, and Plaintiff's remote memory was grossly intact. (T 495-97)

The ALJ considered Plaintiff's anxiety and depression and limited Plaintiff's RFC to include no frequent interaction with the public, moderately detailed work procedures and instructions, only simple changes in work setting, and low, semi-skilled tasks. (T 23-30)  Even if Dr. Hough's March 4, 2010 treatment notes do not necessarily contradict the ALJ's findings, the medical source statement is a significant evaluation.  The Appeals Council determined that Dr. Hough's medical

5

source statement, dated December 6, 2011,[3] related to the time period after the ALJ rendered his opinion and did not pertain to the ALJ's decision regarding disability before July 8, 2011. (T 2) This is erroneous; as Plaintiff points out, Dr. Hough's opinion references her treatment of Plaintiff beginning in March 2010. As well as discussing Plaintiff's level of functioning as of the December 2011 visit, Dr. Hough's opinion summarizes two visits which occurred between March 2010 and December 2011. Additionally, Dr. Hough detailed how Plaintiff's mental impairments affect his ability to function in a work setting:

> [Plaintiff's] anxiety significantly complicates his mood disorder and functioning. [Plaintiff] compulsively ruminates about his difficulties and harbors suicidal thoughts. He has a fixed belief that securing employment will solve his problems. He prepares for days to make it to an interview. When hired, intrusive thoughts, fears and somatic symptoms interfere with his job performance and attendance. He loses jobs typically in a days [sic] or weeks – or is unable to start at all.

(Dkt. 15 Ex. 1 at 3) Dr. Hough additionally opined that

> [Plaintiff] is motivated to work but has not been stable enough to retain a job for several years. We will continue to work on medication changes to achieve better results for him. I would also like [Plaintiff] to attend counseling with our affiliate agency. His difficulty maintaining a schedule, the distance from Nokomis to North Port, and his rigid belief that he must put any energy he can muster into job searches affects compliance with this recommendation.

(Id.) Further, Dr. Hough explained that Plaintiff's failed work experiences exacerbate his mood disorder. (Id.) This explanation is particularly relevant considering the ALJ's finding that Plaintiff's attempts to find work detracted from his credibility. (T 27)

---

[3] Dr. Hough's medical source statement is not contained in the administrative record but it is submitted with Plaintiff's memorandum of law and was clearly considered and rejected by the Appeals Council. (T 5)

6

The Appeals Council erred in rejecting Dr. Hough's December 2011 medical source statement out of hand as beyond the relevant time period, as the evaluation referred to Plaintiff's mental symptoms before July 8, 2011. The Appeals Council also did not include in the administrative record all of the new evidence it reviewed which makes it impossible for the district court to determine whether the Appeals Council correctly rejected the evidence submitted after the ALJ's decision.

For these reasons, the Court cannot conclude that there is substantial evidence in the record as a whole which supports the ALJ's determination of Plaintiff's work-related limitations due to his severe mental impairments and his rejection of the opinion of one of Plaintiff's treating physicians, as discussed infra.

A remand for additional fact-finding and consideration of the evidence before the Appeals Council is necessary. As the new evidence was before the Appeals Council, this remand is pursuant to "sentence four" of section 405(g). See Ingram, 496 F.3d at 1269.

**B.** Plaintiff also alleges that the ALJ inappropriately discounted certain opinions of his treating physician regarding Plaintiff's mental functioning. Because this issue relates to the severity of Plaintiff's mental impairments and allegedly disabling limitations, it is not rendered moot by the need to remand to fully consider the new evidence Plaintiff submitted to the Appeals Council.

In assessing medical evidence in a disability case, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefore. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam) (citation omitted). In assessing medical evidence in a disability case, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. Broughton v. Heckler, 776 F.2d 960, 962

(11th Cir. 1985) (per curiam) (citation omitted). A treating physician's opinion must be given "substantial or considerable weight" unless there is good cause to disregard the opinion. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citations omitted). Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. Id. at 1179 (citation omitted). The ALJ must clearly articulate the reasons for according less weight to the findings of a treating physician and failure to do so constitutes reversible error. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted). Ultimately, the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (citations and internal quotation marks omitted).

Plaintiff's primary care physician, Pascal Bordy, M.D. ("Dr. Bordy"), who treated Plaintiff between June 2008 and May 2011, prescribed medications for Plaintiff's mental symptoms. (T 29, 344-66, 416-22, 467-76, 494) Dr. Bordy opined on May 5, 2011, that Plaintiff's anxiety and depression affected his ability to retain competitive employment (T 494).

The ALJ gave little weight to Dr. Bordy's opinion that Plaintiff's symptoms of anxiety and depression continue to affect his ability to work since Dr. Bordy was not a licensed psychiatrist and had referred Plaintiff to a psychiatrist for evaluation and treatment.[4] (T 29, 494) Although Dr. Bordy is a physician, and the ALJ found him an acceptable medical source to address Plaintiff's physical impairments, the ALJ stated that Dr. Bordy was not an acceptable medical source to comment on

---

[4] The record does not reflect Dr. Bordy's medical speciality, but the parties do not seem to dispute that he is not a psychiatrist.

Plaintiff's mental impairments. (T 29)

It is true that the Commissioner may consider the nature of the relationship between Plaintiff and his treating physician as well as whether the physician is a specialist in the relevant field. See 20 C.F.R. §§ 404.1527(c)(2)(ii), (5). The record indicates that Dr. Bordy felt Plaintiff needed further evaluation by a psychiatrist for his anxiety and depression and whether the medication prescribed was appropriate. In May 2011, Dr. Bordy referred Plaintiff to a psychiatrist and indicated he would delay making changes to Plaintiff's medication until Plaintiff had seen a psychiatrist. (T 29, 494) The ALJ also emphasized that there was no evidence that Plaintiff followed through with Dr. Bordy's May 2011 recommendation to see a psychiatrist. (T 29) It is certainly plausible, however, that Plaintiff's treatment with Dr. Hough was based on this referral as Dr. Hough stated in her December 6, 2011 medical source statement that Plaintiff returned to her for medication management on the recommendation of Dr. Bordy and Mark Olivere.[5] (T 29, Dkt. 15 Ex. 1 at 3)

As such, because Dr. Bordy's opinion may carry more weight when viewed in conjunction with the new evidence submitted to the Appeals Council, on remand the Commissioner shall also reconsider and re-evaluate the opinion of Dr. Bordy in light of the entire record.[6]

### III. Conclusion

In recommending remand for further fact-finding on the issues identified above, this Court expresses no views as to the ultimate outcome. On remand, each side shall be afforded an

---

[5] Mark Olivere is licensed mental health counselor who Plaintiff saw on numerous occasions. (T 53, 55, 477-82, 492-93)

[6] As remand is required on other grounds, it is unnecessary to address Plaintiff's alternative arguments that the ALJ failed to properly determine Plaintiff's RFC and failed to appropriately assess Plaintiff's credibility. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

opportunity to introduce additional evidence. The purposes of the Social Security Act will best be served by further consideration of Plaintiff's claims upon a more fully developed record. See generally Epps v. Harris, 624 F.2d 1267, 1275 (5th Cir. 1980).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner is be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2) The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**Date:** February 18, 2014.

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).