UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CAREY,

    Plaintiff,

v.                              Case No.:   8:12-cv-2362-T-33EAJ

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff John Carey's Petition for EAJA Fees Pursuant to 28 § U.S.C. 2312(d) (Doc. # 20), filed on March 28, 2014, wherein Plaintiff seeks an award of attorney fees in the amount of $7,599.02 and paralegal fees in the amount of $12.00. On April 7, 2014, the Commissioner filed a response in opposition to the Petition (Doc. # 21), explaining that although the Commissioner does not oppose the award of a reasonable attorney fee in this case, the Commissioner finds the award requested by Plaintiff to be excessive. For the reasons that follow, the Court grants the Petition as modified herein.

**A.   Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney fees and costs to any party

prevailing in litigation against the United States, including proceedings for judicial review of a Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

   1.   **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further proceedings. (Doc. # 19). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509

U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

**2.   Timely Application**

The EAJA requires a prevailing party to file an application for attorney fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered on March 11, 2014 (Doc. # 19), became final, which occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Plaintiff's Petition, including an itemized justification for the amount sought, was filed on March 28, 2014, it is found to be timely filed.

**3.   Claimant's Net Worth**

Plaintiff's Petition asserts that "[Plaintiff's] net worth at the time this proceeding was filed was less than two million dollars." (Doc. # 20 at ¶ 9). The Commissioner does not contest this fact. Accordingly, the Court finds this requirement to be satisfied.

**4.   Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). According to Plaintiff, "The Commissioner's position at the administrative level and the District Court level was not substantially justified." (Doc. # 20 at ¶ 8). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of attorney fees. Accordingly, the Court finds no special circumstances indicating an award of attorney fees would be unjust.

### B. Amount of Fees

Having determined Plaintiff is eligible for an award of attorney fees under the EAJA, the Court now turns to the reasonableness of the amount of attorney fees sought.

Plaintiff requests an award of $7,599.02 in attorney fees, representing 40.8 hours of attorney time[1] at an hourly rate of $186.25. (Doc. # 20 at 14-15). Plaintiff also requests paralegal fees in the amount of $12.00. (Id. at 15).

The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate.

However, the Commissioner opposes Plaintiff's claimed entitlement to compensation for 40.8 hours of attorney time, as she contends Plaintiff's request for EAJA fees is "excessive or duplicative." (Doc. # 21). First, the Commissioner claims that the case at hand did not raise novel or complex issues necessitating 40.8 hours of attorney time.

---

[1] Plaintiff is represented by Carol Avard, Esq., who expended 30.1 hours in this case, and is also represented by Mark Zakhvatayev, Esq. who expended 8.4 hours in this case. Both counsel expended 2.3 hours collectively in preparing the present Petition. Plaintiff has filed an itemization of hours for each attorney. (Doc. # 20 at 14-15).

- 5 -

(Id. at 5). Furthermore, as Plaintiff's counsel submits that she has extensive experience in handling social security cases, the Commissioner submits that 40.8 hours of time is excessive and not reasonable under the circumstances. (Id.)(citing to Surge v. Massanari, 155 F. Supp. 2d 1301, 1305 (M.D. Ala. 2001)(holding that an expenditure of 28.40 hours on a 15 page social security brief was excessive).

As a result, the Commissioner requests that this Court order an overall reduction of 10 hours of attorney work. (Id.)(citing Powell v. Colvin, No. 8:12-cv-2078-T-33TBM, 2013 WL 4781083 (M.D. Fla. Sept. 6, 2013)(reducing a request for 42.8 hours of attorney time by 17 hours where there were no novel issues of law, plaintiff's attorney was experienced, and there was some redundancy of work)). The Commissioner submits that the Court should apply the reduction pro rata to each attorney's work on the brief: reduction of 7.5 hours from Attorney Avard's 2013 time and 2.5 hours from Attorney Zakhvatayev's time.[2]

Moreover, the Commissioner requests this Court reduce Plaintiff's requested hourly rate for Attorney Avard for 2012

---

[2] The Court notes that Plaintiff's itemization of hours worked for each attorney does not indicate what year Attorney Zakhvatayev engaged in the hours claimed.

from $186.25 per hour to $184.71. (Doc. # 21 at 6)(citing Elliott v. Astrue, No. 2:12-cv-272-FTM-38, 2013 WL 6182112, at *3 (M.D. Fla. Nov. 25, 2013)(finding that an appropriate 2012 EAJA hourly fee in southwest Florida is $184.71). The Commissioner further requests that the hourly rate of $186.25 for Attorney Zakhvatayev be reduced as Attorney Zakhvatayev has limited legal experience and it is unclear when Attorney Zakhvatayev expended the 8.4 hours claimed. (Doc. # 21 at 6). The Commissioner posits that Attorney Zakhvatayev's hourly rate should be reduced as the work he performed was more akin to paralegal work, which is awarded a lower hourly rate. (Id.) (citing Green v. Comm'r of Soc. Sec., No. 6:12-cv-357, 2013 WL 2297174, at *2; Bunn v. Comm'r of Soc. Sec., No. 6:12-cv-1479-ACC-KRS, Doc. 32 at 3 n.3 (M.D. Fla. Mar. 19, 2014); Diamond v. Colvin, No. 3:12-cv-983, 2014 WL 345701, at *3 (M.D. Fla. Jan. 30, 2014)). Specifically, Attorney Zakhvatayev's "Schedule of Hours" represents that his time was spent reviewing the transcript and writing and reviewing the statement of facts. (Id.). Noteworthy, however, the Commissioner does not oppose the requested paralegal fee of $12.00.

- 7 -

As noted by the Eleventh Circuit in <u>American Civil Liberties Union of Georgia v. Barnes</u>, "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." 168 F.3d 423, 428 (11th Cir. 1999). This Court agrees with the Commissioner that 40.8 hours of attorney time is excessive in this case. This case presented no novel issues of law warranting such an extensive investment of time, especially considering that Attorney Avard is an attorney experienced in social security litigation.[3] Therefore the Court finds that a reduction of 10 hours (less than half of the time claimed to prepare Plaintiff's 17 page brief in this action) of attorney time claimed is warranted under the circumstances of this case. However, the Court declines to reduce the hourly rate charged by Attorney Avard and Attorney Zakhvatayev in this action as requested by the Commissioner.

Accordingly, the Court finds it appropriate to reduce the requested fee award to $5,748.52, which represents a reduction of 10 hours of attorney work at the rate of $186.25.[4]

---

[3]   Indeed, Attorney Avard indicates in support of the fee motion that she has been practicing Social Security disability law since 1981. (Doc. # 20 at 6).

**C.   Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Accordingly, Plaintiff does not request payment of the EAJA fees directly to his counsel at this juncture but instead posits that:

> [T]he parties agree that after the Court issues an Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

(Doc. # 20 at ¶ 13). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff John Carey's Petition for EAJA Fees Pursuant to 28 § U.S.C. 2312(d) (Doc. # 20) is **GRANTED** in the amount of $5,748.52.

---

[4]   10 hours x 186.25 = $1,862.5 total reduction. $7,611.02 requested fee - $1,862.5 total reduction = $5,748.52 fee award.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of April, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record