UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CAREY,

    Plaintiff,

v.                                      Case No. 8:12-cv-2362-T-33EAJ

CAROLYN W. COLVIN, Acting
Commissioner of the United
States Social Security
Administration,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of the Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed on February 6, 2015, by counsel for the Plaintiff. (Doc. # 24). The Commissioner does not oppose the relief sought in the Petition. (Id.). For the reasons that follow, the Court grants the requested award of attorney fees.

**I.   Background**

Plaintiff initiated this action on October 17, 2012, seeking review of a decision of the Commissioner denying Social Security benefits. (Doc. # 1). On February 18, 2014, Elizabeth A. Jenkins, United States Magistrate Judge, entered a Report and Recommendation recommending that the decision of

the Commissioner denying benefits be reversed and the case be remanded for further proceedings. (Doc. # 17). On March 10, 2014, this Court adopted Judge Jenkins' Report and Recommendation (Doc. # 18), and the Clerk entered a judgment in favor of Plaintiff on March 11, 2014 (Doc. # 19). Within the Judgment, Plaintiff was advised that:

> If Plaintiff ultimately prevails in this case upon the remand to the Social Security Administration, any motion for the attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculations stating the amount withheld for attorney's fees.

(Id.). Thereafter, Plaintiff petitioned for an award of attorney fees under the Equal Access for Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. # 20), which this Court granted in the amount of $5,748.52 (Doc. # 23).

After the remand, Plaintiff received an award of Social Security benefits by an Administrative Law Judge (ALJ) in September of 2014. (Doc. # 24 at 3). Following the issuance of the ALJ's favorable decision, Plaintiff's counsel explains:

> The Social Security Administration processed the favorable determination and issued a Notice of

>Award calculating the benefits due to the Plaintiff on January 11, 2015.
>
>Plaintiff and Petitioner entered into a written agreement providing for a contingent fee of twenty-five percent (25%) of all past due benefits awarded. The Court awarded back benefits to Plaintiff for the period from November 2008 through November 2014, for a total retroactive award to Plaintiff of $89,595.00. The Social Security Administration withheld 25% of the claimant's past due benefits in order to pay the approved attorney's fee. The requested fee of $22,398.75 represents 25% of the Title II past due benefits payable to Plaintiff.  This sum has been withheld by the Social Security Administration for the payment of attorney fees in this matter. Petitioner has not received attorney fees under 42 U.S.C. § 406(a) for administrative work.

(Id. at 3-4) (internal citation omitted). Accordingly, Plaintiff's counsel seeks $22,398.75, which represents 25% of Plaintiff's past-due Social Security disability benefits as compensation for her work in federal court.

## II. Discussion

"Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and at court, are governed by prescriptions Congress originated in 1965." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002) (citing 42 U.S.C. § 406). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for

3

representation in administrative proceedings; § 406(b) controls fees for representation in court." Id. at 794.

The Supreme Court has explained the operation of § 406(b) as follows:

> For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant." The Commissioner has interpreted § 406(b) to "prohibit a lawyer from charging fees when there is no award of back benefits."
>
> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits."
>
> \* \* \*
>
> [Section] 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of

4

>       the case. . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. at 795, 807-08 (internal citations omitted).

The Eleventh Circuit has held that "42 U.S.C. § 406(b) authorizes an award of attorney[ ] fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

Furthermore, as for cases in which EAJA fees have been awarded to counsel before counsel seeks an award of fees under § 406(b), the Eleventh Circuit has noted that "the Supreme Court concluded that Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refun[d] to the claimant the amount of the smaller fee.'" Id. (quoting Gisbrecht, 535 U.S. at 796).[1]

In this case, Plaintiff's counsel's requested award does not exceed the statutory cap imposed by Congress.

---

[1] Counsel for Plaintiff indicates that "[i]n the event that this Motion for 406(b) fees is approved, [counsel] will return the EAJA fees previously awarded in this matter to the Plaintiff." (Doc. # 24 at 18).

Furthermore, there is no indication of any delay in this matter attributable to Plaintiff's counsel that would warrant a reduction in the requested fee and, notably, the Commissioner does not oppose the requested award as unreasonable. Thus, in accordance with many other courts within the Eleventh Circuit, the Court finds Plaintiff's counsel's requested fee of $22,398.75 to be reasonable. See, e.g., Wysocki v. Comm'r of Soc. Sec., No. 6:06-cv-255-ORL-KRS, 2008 WL 1897601 (M.D. Fla. Apr. 28, 2008) (awarding $50,548.50, representing 25% of the accrued benefits awarded to plaintiff less EAJA fees previously awarded); Watterson v. Astrue, No. 3:06-cv-369-J-HTS, 2008 WL 783634, at *1 n.2 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10, equal to 25% of plaintiff's total award of benefits, and instructing that previously-awarded EAJA fees be refunded to plaintiff). The Court therefore grants Plaintiff's counsel's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. # 24) is **GRANTED**.

(2) The Court awards Plaintiff's counsel $22,398.75 in attorney fees under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of February, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record